UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT MILLS | CIVIL ACTION |
| VERSUS | DIVISION |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY | JUDGE |

**COMPLAINT**

Plaintiff, Robert Mills, brings this action against the defendant Hartford Life and Accident Insurance Company ("Hartford")

1.

The ***Parties*** to this complaint are as follows:

a. ***Plaintiff***, **Robert Mills**, ("Mr. Mills") is now, and at all times mentioned in this complaint was, a resident of New Orleans, Louisiana.

b. ***Defendant*** **Hartford Life and Accident Insurance Company** ("Hartford") is now, and at all times mentioned in this complaint was, an Insurance Company authorized to transact and transacting the business of insurance in Louisiana. Hartford is Domiciled in the state of New Jersey. Under the

terms of the Employee Welfare Plan (as described below), Hartford was the Claims Administrator and the provider/payer of benefits.

2.

**The Plan at Issue**

Upon information and belief, Plaintiff represents the following about the Plan:

The Employee Welfare and Benefit Plan is for employees if United Stationers Supply Company and bears Policy Number GLT673619. The Insured ID is 9000686396. The Plan is believed to be insurance, as designated in the Certificate of Coverage and Hartford is designated as the payer of benefits as well as the claims administrator under the plan.

The presumptions regarding the construction of vague and/or ambiguous contracts or portions thereof against the drafter(s) of said contracts are pled herein. Further it is pled that as payer of benefits and claims administrator, the plan is administered in such a way as to create a conflict of interest as to payment of claims.

This claim is made without the benefit of the Plan description nor the administrative file.

3. Jurisdiction

Plaintiff alleges that plaintiff's claims “relate to” an “employee welfare benefit plan” as defined by the Employee Retirement Income Security Act (here referred to as ERISA), 29 U.S.C.A. §§ 1001 et seq., and that the subject Plan constitutes a “plan under ERISA.” Therefore, plaintiff alleges that this Court's jurisdiction is invoked pursuant to 28 U.S.C.A. § 1337 and 29 U.S.C.A. § 1132(e).

4. Venue

Venue is proper within this district pursuant to 29 U.S.C.A. § 1132(e)(2) because the acts complained of have occurred within this district.

5.

Defendant paid Plaintiff Benefits from the time he stopped working on October 30, 2001 through June 18, 2016. Mr. Mills was entitled to benefits due to a failure in his kidneys which required him to go on dialysis while he waited for a kidney transplant. Shortly after he received a kidney transplant, Hartford ceased his disability benefits because he was no longer on dialysis. Although his physicians submitted letters to the effect that Plaintiff still had symptoms that kept him from being able to work, Hartford refused to reinstate the benefits.

6.

Plaintiff went through the administrative process of appealing the cessation, He eventually reached the final level of appeal. On January 13, 2017 Hartford mailed a letter to Plaintiff advising him that its final decision was to permanently stop his disability payments because he was no longer on dialysis. The decision is based on incomplete medical records. Hartford knew of additional available records regarding Plaintiff's current symptoms and limitations, but intentionally refused to order records.

Plaintiff has exhausted all administrative remedies

**FIRST CAUSE OF ACTION FOR RECOVERY OF PLAN BENEFITS, PURSUANT TO 29 U.S.C.A. § 1132(a)(1)(B)**

7.

Plaintiff incorporates here those allegations of the Jurisdiction, Parties, and Factual Background sections as though set forth in full in this cause of action.

8.

Under the terms of the Plan, defendant agreed to provide plaintiff with LTD benefits if he was unable to return to his regular job. Defendants provided LTD

benefits until June 18, 2016. The benefits were stopped, and Defendants failed to exercise due diligence or good faith investigating the claim.

9.

Denial of benefits to plaintiff constitutes a breach of the Plan between defendant and plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits he would have received as a result of defendant's failure to provide coverage in an amount at present unknown, but to be set forth at the time of trial.

10.

Defendant has arbitrarily and capriciously breached the obligations set forth in the Plan. Defendant has arbitrarily and capriciously breached its obligations under the ERISA policy to provide plaintiff benefits even though plaintiff's benefits are covered under the terms of the Plan.

11.

As a direct and proximate result of the above-described conduct of defendant in failing to provide coverage and pay benefits to plaintiff, plaintiff has been damaged in an amount equal to the amount of benefits to which plaintiff would have been entitled under the terms of the Plan.

12.

As a direct and proximate result of the above-described conduct of defendant in failing to provide coverage and benefits under the Plan, plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

13.

Plaintiff is entitled to benefits and prejudgment interest at the appropriate rate.

**SECOND CAUSE OF ACTION FOR AWARD OF ATTORNEY FEES AND COSTS, PURSUANT TO 29 U.S.C.A. § 1132(g)(1)**

14.

Plaintiff incorporates here those allegations of the Jurisdiction, Parties, and Factual Background sections, along with the First Cause of Action, as though set forth in full in this cause of action.

15.

29 U.S.C.A. § 1132(g)(1) authorizes this Court to award reasonable attorney fees and costs of action to either party in an ERISA action.

16.

As a result of the actions and failings of the defendant, described above in this complaint, plaintiff has retained the services of legal counsel and has necessarily incurred attorney fees and costs in prosecuting this action. Further, plaintiff anticipates incurring additional attorney fees and costs in subsequently pursuing this action, all in a final amount that is currently unknown. Plaintiff therefore requests an award of reasonable attorney fees and costs.

**REQUEST FOR RELIEF**

WHEREFORE, plaintiff requests judgment as follows:

1. For a declaration regarding the defendant's noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

2. For benefits payable under the Plan to reimburse plaintiff for payments that plaintiff has been entitled to receive;

3. For future benefits payable under the Plain that plaintiff is entitled to receive;

4. For an award of prejudgment interest;

5. For an award of reasonable attorney fees pursuant to 29 U.S.C.A. § 1132(g)(1);

6. For costs of suit incurred; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ W. Jared Vincent
W. JARED VINCENT, LA BAR # 27695
WILLIAM S. VINCENT JR, LA BAR #13094
LAW OFFICES OF WILLIAM S. VINCENT JR.
2018 Prytania St.
New Orleans, LA 70130
TELEPHONE: (504) 522-3220
FACSIMILE: (504) 568-1408
E-MAIL: jared@wsvjr.com